WILLIAM T. WATSON, PLAINTIFF-APPELLANT, v. JOHN J. FARRELL, CHIEF EXAMINER AND SECRETARY OF THE NEW JERSEY STATE CIVIL SERVICE COMMISSION, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted October 5, 1971—Decided October 18, 1971.

Before Judges SULLIVAN, LEONARD and CARTON.

*Mr. George R. Wiggs* attorney for appellant.

*Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, attorney for respondent (*Mr. David S. Litwin,* Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by

SULLIVAN, P. J. A. D. William T. Watson was declared ineligible to take the promotional examination for the position of Deputy Fire Chief, Jersey City, because he had not served as a Battalion Chief in a permanent capacity for at least 12 months immediately preceding the announced closing date for filing applications for such examination as required by *N. J. A. C.** 4:8–6(2).

Watson had received a permanent appointment as Battalion Chief on December 29, 1969. The announcement by Civil Service of a promotion examination for Deputy Fire Chief was on August 28, 1970 and fixed a closing date of September 25, 1970.

*New Jersey Administrative Code.

Watson filed an application to take this examination in which he acknowledged that he had not served as a Battalion Chief in a permanent capacity for 12 months prior to the closing date, but claimed that he had served as a Battalion Chief on an acting or temporary basis from June 26, 1969 up to the date of his permanent appointment as Battalion Chief. Watson contended that his overall service as a Battalion Chief, 6 months acting and 9 months permanent, satisfied Civil Service requirements. Civil Service, as heretofore noted, ruled that he was not eligible to take the promotion examination. The appeal is from such ruling.

Appellant contends that (1) his temporary and permanent service as Battalion Chief satisfied Civil Service requirements; (2) if *N. J. A. C.* 4:8–6(2) be construed to exclude his temporary service, it is arbitrary and unreasonable and must be declared invalid; and (3) that he was entitled to a hearing as to the adequacy of his *de facto* performance as Battalion Chief.

We find no merit in any of appellant's contentions. Good reason exists for requiring an employee to serve some specified time in a lower class before becoming eligible for promotion. Consequently, the underlying statute, *N. J. S. A.* 11:22–34, empowers Civil Service to fix a minimum time of service in the lower class as a condition of eligibility for taking a promotional examination. Pursuant thereto, Civil Service has adopted a uniform regulation which provides that to qualify for promotional examination an applicant must have been employed in the lower class for at least one year after regular appointment. No basis for declaring this rule to be arbitrary and unreasonable has been shown.

We also conclude that appellant's temporary or *de facto* service may not be considered as satisfying the one-year service requirements. Civil Service has little control over temporary or acting employees and has no practical way of determining the value of whatever experience they might have gained since it cannot be certain of the duties performed. Since temporary appointments lack safeguard con-

trols by Civil Service, it has never considered service under a temporary appointment to be a substitute for service under a permanent appointment. We concur.

Appellant argues that he was entitled to a hearing as to the adequacy of his *de facto* experience as Battalion Chief. However, the basic facts are undisputed and since we agree that, as a matter of policy, service in a temporary or acting capacity cannot be considered in determining appellant's eligibility, there was no need for a hearing.

Affirmed.